IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STATE OF ARKANSAS *ex rel.*       *
DUSTIN MCDANIEL, ATTORNEY   *
GENERAL,                         *
                                    *
            Plaintiff,        *
vs.                             *    No. 4:12-cv-00498-SWW
                                    *
                                    *
FINANCIAL MANAGEMENT      *
PARTNERS, INC, and ERIC PUGH,   *
                                    *
           Defendants.      *

## ORDER

The State of Arkansas brings this action against defendants Financial

Management Partners, Inc. (FMP), and Eric Pugh to redress and restrain alleged

violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act,

15 U.S.C. § 6101 *et seq.*, the Telemarketing Sales Rule, 16 C.F.R. § 310.1-9, the

Arkansas Consumer Telephone Privacy Act, Ark. Code Ann. § 4-99-401 *et seq.*,

the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.*,

and the Arkansas Advance Fee Loan Brokerage Act, Ark. Code Ann. § 23-39-401

*et seq.*[1]  Before the Court are the following motions: (1) the State's motion for

summary judgment against FMP and Pugh [doc.#29]; and (2) the State's motion

---

[1] The State also brought this action against defendant Betsy Valorose but she was
voluntarily dismissed from this action by Order entered April 25, 2013 [doc.#14].

for expenses [doc.#24].  Defendants have not responded to either of these motions and the time for doing so has passed.  Having considered the matter, the Court grants the State's motions for summary judgment and for expenses.

    1. <u>Motion for Summary Judgment</u>

    Pugh was the owner and operator of FMP.  The defendants, by way of an automated dialing system causing recorded messages to be placed to consumers' telephones ("robo-calls"), contacted numerous Arkansas consumers and advertised that the defendants could lower consumers' credit card interest rates.  Most of these consumers were and are on the Do-Not-Call registry.  The defendants collected payments from consumers prior to services being rendered.  Thereafter, the defendants provided little or none of the advertised services and wholly failed to live up to their end of the agreement by failing to lower consumers' credit card interest rates.

    The State argues that defendants' actions violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, the Arkansas Consumer Telephone Privacy Act, the Arkansas Deceptive Trade Practices Act, and the Arkansas Advance Fee Loan Brokerage Act.  The State argues it is accordingly entitled to summary judgment on each of its claims against defendants.

A.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving party must respond by submitting evidentiary materials that set out "'specific facts showing ... a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)).  The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Matsushita,* 475 U.S. at 587 (citations omitted). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation and

quotation marks omitted).  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita,* 475 U.S. at 587 (citation omitted).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

## B.

In not responding to the State's motion for summary judgment, defendants have not contested the arguments the State has set forth in its motion that it states entitles it to summary judgment.  Accordingly, defendants have waived those arguments.  See *Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument").[2]

---

[2] Under Fed.R.Civ.P. 56, "an opportunity to submit briefs and supporting affidavits satisfies the parties right to be heard."  *Ivy v. Kimbrough*, 115 F.3d 550, 551 (8th Cir. 1997) (citations omitted).  In this regard, Rule 7.2 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas gives the party opposing a motion for summary judgment fourteen (14) days from the date of service to respond.  "After that [fourteen-day] period, the court may treat the motion as submitted unless a party has requested, and the court has granted, more time for further briefing, for oral argument, or for an evidentiary hearing."  See *Kimbrough*, 115 F.3d at 551.  As previously noted, defendants have not responded to the State's motion for summary judgment and have not requested an extension of time in which to file their response.  The Court thus considers the State's motion to be submitted.

In addition, defendants have failed to file, pursuant to Rule 56.1 of the Local Rules of this Court, a statement of the material facts as to which they contend genuine issues exist to be tried.  Defendants have thus admitted the facts set forth by the State in its Statement of Facts [doc.#31] as to which it contends there are no genuine issues to be tried.[3]  Accordingly, the facts set forth in the State's motion for summary judgment are the undisputed facts of this case.  See *Beavers v. Bretherick*, 227 Fed.Appx. 518, 521 (8th Cir. 2007) (citing Local Rule 56.1(c) in concluding that the facts as described in unopposed motion for summary judgment are the undisputed facts of the case).

As defendants have conceded the State's arguments and the facts underlying them, the State is entitled to summary judgment as a matter of law on its claims against defendants.  The Court will schedule by separate order a hearing on monetary, injunctive, and ancillary relief as to the defendants.[4]

---

[3] Local Rule 56.1(a) provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried."  Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried."  Paragraph (c) of the rule provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

[4] The State seeks only a determination as to the defendants' liability at this time, stating that if the Court finds that defendants are liable for the alleged violations of federal and Arkansas law, it will request a hearing on monetary, injunctive, and ancillary relief.

2.  <u>Motion for Expenses</u>

By Order entered August 2, 2013 [doc.#20], the Court granted an uncontested motion of the State to compel.  Because it granted the State's motion to compel, the Court informed the parties that it <u>must</u> require defendants to pay the State's reasonable fees incurred in making the motion to compel, including attorney's fees, unless defendants demonstrate that their failure to respond to the State's discovery requests and provide the State full and complete responses to the State's discovery was substantially justified or that other circumstances make an award of expenses unjust.  Order at 3 (citing Fed.R.Civ.P. 37(a)(5)(A); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 720 (8th Cir. 2010)).  Accordingly, the Court ordered that the State file a motion for reasonable expenses, including attorney's fees, incurred in making its motion to compel.

The State timely filed its motion for expenses in the total amount of $450.00 (representing attorney's fees for 3 hours work at the billing rate of $150.00 per hour) but defendants have not responded.  Having considered the State's uncontested affidavit attached to its motion for expenses and the factors relevant to a determination of reasonable attorney's fees under federal and Arkansas law, see, *e.g., Allen v. Tobacco Superstore, Inc.,* 475 F.3d 931, 944 n.3 (8th Cir. 2007); *Chrisco v. Sun Indus., Inc.,* 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990), the

Court hereby grants the State's motion for expenses in the amount of $450.00.

IT IS THEREFORE ORDERED that the State of Arkansas' motion for summary judgment [doc.#29] be and it hereby is granted.  The Court will schedule by separate order a hearing on monetary, injunctive, and ancillary relief as to the defendants.

IT IS FURTHER ORDERED that the State of Arkansas' motion for expenses in the amount of $450.00 [doc.#24] be and it hereby is granted.

Dated this 17th day of December 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE